IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Smurfit Holdings B.V., | |
| *Petitioner*, | |
| v. | **Civil Action No.** 24-cv-02728-SLS |
| The Bolivarian Republic of Venezuela, | |
| *Respondent*. | |

**Response to Order to Show Cause**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Smurfit Holdings B.V.,

*Petitioner*,

v.

The Bolivarian Republic of Venezuela,

*Respondent*.

**Civil Action No.** 24-cv-02728-SLS

**Declaration of Matthew S. Rozen in Support of Response to Order to Show Cause**

Pursuant to 28 U.S.C. § 1746, I, Matthew S. Rozen, declare as follows:

1.      I am an attorney and am admitted to practice law in the District of Columbia and Virginia. I represent Petitioner Smurfit Holdings, B.V. in this action to enforce an arbitral award.

2.      I am over the age of eighteen and make this declaration from personal knowledge based on information reviewed and/or referenced herein.

3.      This declaration is submitted in support of the Response to Order to Show Cause filed by Petitioner.

4.      This is an action to enforce an arbitral award issued on August 28, 2024 (the "Award") pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention," ECF No. 1-2).

5.      On February 1, 2025, the United States Department of State effected service of process on Respondent pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4). *See* ECF No. 15.

6.      Pursuant to 28 U.S.C. § 1608(d), Respondent was required to serve an answer

2

or other responsive pleading within 60 days of service of process—*i.e.*, by April 2, 2025.

7.    Respondent failed to serve an answer or other responsive pleading by April 2, 2025.

8.    On April 23, 2025, the Court entered a minute order noting Venezuela's failure and ordered Petitioner to file an affidavit of default by May 6, 2025, or otherwise show cause as to why the case should not be dismissed for failure to prosecute.

9.    Petitioner, through its undersigned attorneys, fully intends to vigorously prosecute this action.  Petitioner has not asked this Court to enter default at this time because the Award currently is subject to a provisional stay of enforcement and the body that can lift that stay, an ICSID ad hoc annulment committee, is subject to a disqualification challenge that Venezuela filed against two of its members.

10.    On December 23, 2024, Venezuela filed an Application for Annulment of the Award before the International Center for Settlement of Investment Disputes ("ICSID") that contained a request for a stay of enforcement of the Award pending the conclusion of the annulment proceedings.

11.    Article 52(5) of the ICSID Convention provides that "[i]f [an] applicant [for annulment] requests a stay of enforcement of the award in his application, enforcement shall be stayed provisionally until the Committee rules on such request."

12.    Rule 54(2) of the 2006 ICSID Arbitration Rules further provides that "[i]f an application for the revision or annulment of an award contains a request for a stay of its enforcement, the Secretary-General [of ICSID] shall, together with the notice of registration, inform both parties of the provisional stay of the award.  As soon as the Tribunal or Committee is constituted it shall, if either party requests, rule within 30 days on whether such stay should

be continued; unless it decides to continue the stay, it shall automatically be terminated."[1]

13.      Accordingly, when ICSID registered Venezuela's Application for Annulment on January 7, 2025, ICSID implemented an automatic provisional stay of enforcement of the Award.      *See*      ICSID      Case      No.      ARB/18/49,      Procedural      Details, https://icsid.worldbank.org/cases/case-database/case-detail?CaseNo=ARB/18/49      ("ICSID Procedural Details"), January 7, 2025 entry.

14.      On March 6, 2025, ICSID constituted an *ad hoc* annulment committee.  ICSID Procedural Details, March 6, 2025 entry.

15.      On March 7, 2025, Petitioner filed an opposition to stay that included a request that the provisional stay be lifted.  ICSID Procedural Details, March 7, 2025 entry.

16.      On March 14, 2025, Venezuela proposed disqualification of two of the three members of the annulment committee.   The annulment proceeding was automatically suspended under the ICSID arbitration rules.  ICSID Procedural Details, March 14, 2025 entry.

---

[1] As noted in the Award, ECF No. 1-1 at 15, the arbitration and annulment proceeding are governed by the 2006 version of the ICSID Arbitration Rules (ECF No. 1-2 at 104-28) because those were "the Arbitration Rules in effect on the date on which the parties consented to arbitration."  ICSID Convention, art. 44.

5

17.    The Parties and the challenged ad hoc committee members have submitted comments on Venezuela's disqualification proposal, but ICSID has not yet decided Venezuela's challenge.  ICSID Procedural Details, April 3, 8, and 15, 2025 entries.  The annulment proceeding will remain suspended until Venezuela's disqualification proposal is resolved.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2025
Washington, DC

_/s/ Matthew S. Rozen_
Matthew S. Rozen
